(No. 39065.—

The People of the State of Illinois, Defendant in Error, *vs.* Jerry Thompson, Plaintiff in Error.

*Opinion filed January 19, 1967.*

Ward, J., took no part.

J. Robert Cassidy, of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and George W. Kenney, Assistant Attorneys General, and Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant, Jerry Thompson, was convicted in a 1960 Cook County bench trial of murdering his half-brother and was sentenced to 30 years imprisonment. He asserts that error occurring both in his pretrial competency hearing and

in his subsequent trial have deprived him of due process of law.

At the second competency hearing (an initial hearing terminated in a mistrial when the jury was unable to agree on a verdict) the assistant State's Attorney in his closing argument told the jury, in effect, that the burden of showing defendant's incompetence rested with the defense. The court in substance instructed the jury that they must find by a preponderance of the evidence that defendant was unable to understand the nature of the charge against him and to co-operate with his counsel concerning his defense in order to find defendant incompetent to stand trial. No objection was posed to the State's Attorney's statement during closing argument, but the defense did object to the People's proffered instructions. While the record does not show who tendered the given instructions, a factor sometimes held to preclude objection at the appellate level, (see *People* v. *Squires,* 27 Ill.2d 518; *People* v. *Woodruff,* 9 Ill.2d 429, 440,) we believe the claimed error must be reached on review.

The burden of establishing defendant's incompetence to stand trial does not rest with the defense. Once any evidence indicating incompetency is brought forth by the defense, the burden devolves upon the State to establish by a preponderance of the evidence that defendant is competent to stand trial. He must understand the nature of the charges against him and be able to co-operate with his counsel. (*People* v. *Bender,* 20 Ill.2d 45, at p. 53.) The jury may well have believed that the burden of showing incompetency was upon defendant because the only information which it had concerning the allocation of the burden of proof indicated that such was the law. In view of the fact that the jury may have considered the entire pretrial sanity hearing upon an erroneous theory, we hold defendant was deprived of due process of law. We have previously held that the waiver rule will not operate, at least where the error

is of the substantial magnitude manifested here, to deprive a defendant of his constitutional right to due process. (*People* v. *Bedford*, 31 Ill.2d 227; *People* v. *Bender*, 20 Ill.2d at p. 54; *People* v. *Burson*, 11 Ill.2d 360, 370.) The determination that defendant was competent to stand trial must therefore be reversed. *People* v. *Hamby*, 32 Ill.2d 291, 294, and cases there cited.

It has been suggested that in the event of a reversal we should remand solely for the purpose of determining competency at the time of the original trial. Such a judgment was entered in 1965 by the Court of Appeals for the Seventh Circuit, (*Pate* v. *Robinson*, 345 F.2d 691,) where the competence of the defendant to stand trial in 1959 was an issue. In reviewing that decision the Supreme Court said: "It has been pressed upon us that it would be sufficient for the state court to hold a limited hearing as to Robinson's mental competence at the time he was tried in 1959. If he were found competent, the judgment against him would stand. But we have previously emphasized the difficulty of retrospectively determining an accused's competence to stand trial. *Dusky* v. *United States*, 362 U.S. 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960). The jury would not be able to observe the subject of their inquiry, and expert witnesses would have to testify solely from information contained in the printed record. That Robinson's hearing would be held six years after the fact aggravates these difficulties." *Pate* v. *Robinson*, 383 U.S. 375, 15 L. Ed. 2d 815, 823, (1966).

The State argues, however, that the case under consideration is closer to *Jackson* v. *Denno*, 378 U.S. 368, 12 L. Ed. 2d 908 (1964) than to *Pate* v. *Robinson* because in *Jackson* v. *Denno* a hearing was held on the voluntariness of a confession and erroneous procedure applied; while in *Pate* v. *Robinson*, no hearing on competency of the defendant was held at all. The difference between *Jackson* and *Pate* is spelled out in the latter where it is specifically said that "need for concurrent determination" is the distinguishing

feature. The cause must be remanded for a complete new trial.

The judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.