(No. 41793.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
WALTER F. HILL, JR., Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

GERALD M. WERKSMAN, of Chicago, appointed by the
court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ELMER
C. KISSANE and MICHAEL D. STEVENSON, Assistant State's
Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the
court:

This is an appeal in a post-conviction proceeding wherein the circuit court of Cook County dismissed on motion petitioner's *pro se* petition.

On January 8, 1960, petitioner, Walter F. Hill, Jr., pleaded guilty to the crime of murder and was sentenced to a term of 75 years imprisonment. Approximately eight years later, in November 1967, he filed a *pro se* post-conviction petition seeking relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) Petitioner claimed that his constitutional rights were violated in that there was no probable cause for his arrest; that he was unduly interrogated and coerced into signing a confession; that he was never advised of his constitutional rights; that his request for assistance of counsel from the time of his arrest until his arraignment (some 24 days) was denied, and that counsel appointed from the public defender's office was incompetent and coerced defendant into pleading guilty.

The State filed a motion to dismiss, asserting that the petition did not sufficiently set forth any violation of constitutional rights. Thereafter, the State filed another motion to dismiss contending that any action on the petition was barred by the statute of limitations in that it had been filed after the then applicable five-year statute had lapsed. (Ill. Rev. Stat. 1963, ch. 38, par. 122—1.) The court, after considering the trial record and the post-conviction pleadings, dismissed the petition, holding that there was no showing of any violation of petitioner's constitutional rights.

In this appeal no argument is advanced questioning the propriety of the court's dismissal of the petition. Instead petitioner raises three new arguments two of which are totally unrelated to the pleadings filed in this cause and which raise new theories of deprivation of constitutional rights and requests that we remand for the purpose of amending the petition to assert these new grounds.

Petitioner's first argument that the statute of limitations

should not be applied to preclude his right to a hearing under the Post-Conviction Hearing Act because his delay in filing was not occasioned by culpable negligence, has no application to the facts before us. The court's express reason for dismissal of the petition was that no constitutional questions were presented. We therefore do not pass upon this issue in disposing of this appeal.

Petitioner's new contentions are that his pretrial sanity hearing did not comport with fundamental concepts of due process and that he was denied "of his right to allocution at the time of sentencing", *i.e.,* at no point in the proceedings was he asked whether he had anything to say in mitigation. Were we to remand the cause to allow filing of an amended petition setting forth these grounds, it would constitute a futile act since the petitioner could not prevail. First, his contention that the trial judge, in failing to instruct the competency hearing jury regarding the quantum of proof necessary to reach a verdict denied him due process, is without merit. The only witness to testify at the competency hearing was Dr. Haines of the Cook County Behavior Clinic who stated that in his opinion petitioner knew the nature of the charge, was able to co-operate with the court, and was competent to stand trial. Petitioner was not prejudiced by the failure to give the instruction, for the court could have, under these circumstances, directed the verdict. (*People* v. *Rosochacki,* 41 Ill.2d 483.) And finally, the contention that the trial court deprived petitioner of his constitutional right to allocution is without merit because there is no requirement that the court, after a plea of guilty, ask defendant whether he has anything further to say as to why sentence should not be pronounced against him. *People* v. *Brown,* 13 Ill.2d 32.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.