(No. 43713.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HERBERT SHAW, Appellant.

*Opinion filed September 30, 1971.*

KAEL B. KENNEDY, of Chicago, appointed by the court for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and THEMIS N. KARNEZIS, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook County which dismissed the defendant's amended petition for post-conviction relief on the motion of the People without an evidentiary hearing.

On May 1, 1969, the defendant was convicted of burglary on his guilty plea and sentenced to a term of not less than three years nor more than three years and one day in the Illinois State Penitentiary.

Three issues were raised by the amended petition for post-conviction relief and are urged in this court. (1) The sentence imposed (three years to three years and a day) is not an indeterminate sentence as required by section 1—7 of the Criminal Code of 1961. (Ill.Rev.Stat. 1969, ch. 38, par. 1—7(e).) (2) The defendant's guilty plea was not

voluntary but was entered as a result of judicial intervention in the plea bargaining and was the result of an improper promise by the court as to the sentence to be imposed. (3) The defendant was not accorded his common-law right of allocution.

The Post-Conviction Hearing Act (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*) requires that the petition for post-conviction relief clearly set forth the respects in which the petitioner's constitutional rights have been violated. This court has held that unsupported conclusionary allegations in a petition are not sufficient to require a hearing. The petition and supporting documents must make a substantial showing of the violation of a constitutional right before a hearing is required. *(People v. Pierce, 48 Ill.2d 48; People v. Morris, 43 Ill.2d 124; People v. Arbuckle, 42 Ill.2d 177; People v. Brown, 41 Ill.2d 503.)* The function of a post-conviction proceeding is not to relitigate the defendant's guilt or innocence but to determine whether he was denied constitutional rights. *People v. Somerville, 42 Ill.2d 1.*

Defendant's first contention is based on the statutory requirement that all sentences to the penitentiary be for an indeterminate term. There is no constitutional requirement that sentences to the penitentiary be indeterminate. In fact, prior to the enactment of the Criminal Code of 1961 sentences for several felonies were for definite terms. (See S.H.A. ch. 38, par. 1—7, Committee Comments to subparagraph (e).) The right which defendant claims was violated is therefore statutory and not constitutional. The Post-Conviction Hearing Act is limited to those errors which are of constitutional magnitude. The failure of the petition to raise a constitutional issue is not remedied by the allegation of the conclusion that such an irregularity amounts to a deprivation of due process of law. *People v. Orndoff, 39 Ill.2d 96; People v. Owens, 34 Ill.2d. 149.*

The defendant next contends that the plea of guilty was not voluntary because of the court's participation in

the plea bargaining process. The amended petition simply alleges that the defendant's plea was not voluntary and was made "subsequent to judicial intervention in the plea bargain of an improper promise of the court regarding the term of the sentence to be imposed." The amended petition had attached to it a copy of the transcript of the proceedings at which the defendant entered his plea of guilty, which reveals the following:

"THE COURT: Mr. Shaw, you heard your counsel indicate that you desire to plead guilty to this charge I just read, is that right?

MR. SHAW: Yes.

THE COURT: You understand you would be entitled to have a jury trial and have a jury determine your innocence or guilt?

MR. SHAW: Yes.

THE COURT: By pleading guilty you waive your right to a jury trial and have a desire to waive your right to a jury trial?

MR. SHAW: Yes.

THE COURT: On a finding of guilty you could be sentenced from a minimum of one and a maximum of any number of years in the penitentiary. Do you understand that?

MR. SHAW: Yes.

THE COURT: You understand, too, that your attorney and the State have agreed, with the Court, that you be given a sentence of a minimum of three years and a maximum of three years and a day in the Illinois State Penitentiary?

MR. SHAW: Yes.

THE COURT: Do you understand that?

MR. SHAW: Yes.

THE COURT: Knowing all that do you still plead guilty?

MR. SHAW: Yes.

THE COURT: Are you pleading guilty

because you are in fact guilty of committing this crime of burglary which I read to you?

MR. SHAW: Yes, sir.

THE COURT: There will be a finding of guilty on the plea and a judgment on the finding."

The defendant has made no further allegations as to the nature of the court's participation in any plea bargaining process nor has he submitted any additional affidavits or documents in that regard to support his position. The defendant cannot contend that he was misled or that he pleaded guilty as a result of an unfulfilled promise. He received the exact sentence that was agreed to. There is no indication in the record that the plea negotiation with the judge or that he did anything other than agree thereto. Accordingly we hold that the amended petition and the documents in support thereof do not support defendant's position that such a plea bargaining arrangement rendered the plea of guilty involuntary, and it was not necessary to conduct an evidentiary hearing thereon. *People v. Pierce, 48 Ill.2d 48; People v. Brock, 45 Ill.2d 292; People v. Darrah, 33 Ill.2d 175.*

As to the defendant's contention that he was denied his right to allocution we have heretofore held that there is no requirement that the court after a plea of guilty ask the defendant whether he has anything further to say as to why sentence should not be pronounced against him. *People v. Hill, 44 Ill.2d 312; People v. Brown, 13 Ill.2d 32.*

The trial court properly dismissed the amended post-conviction petition without conducting an evidentiary hearing thereon.

*Judgment affirmed.*