(No. 44939.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. FRANK SARELLI, Appellant.

*Opinion filed October 1, 1973.*

EDWARD M. GENSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BERNARD CAREY, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and KENNETH L. GILLIS and JAMES CARLSON, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Frank Sarelli, appeals from the judgment of the circuit court of Cook County dismissing his amended petition filed under the provisions of the Post-Conviction Hearing Act. Ill. Rev. Stat., ch. 38, par. 122–1 *et seq.*

The record shows that on May 2, 1967, in a bench trial, petitioner was convicted of the unlawful sale of marijuana (Ill. Rev. Stat. 1965, ch. 38, par. 22–3) and, pursuant to the provisions for mandatory minimum

penalties for the unlawful sale of a narcotic drug (Ill. Rev. Stat. 1965, ch. 38, par. 22—40) was sentenced to the penitentiary for a term of 10 years to 10 years and one day. On appeal, in which he questioned the sufficiency of the evidence but not the constitutionality of the statute under which he was convicted, the appellate court affirmed. 105 Ill. App. 2d 167 (abstract opinion).

In his amended post-conviction petition, petitioner alleged that he was deprived of substantial constitutional rights in that he did not receive the effective assistance of counsel at trial, and that he was convicted under an unconstitutional statute. The circuit court conducted an evidentiary hearing concerning the alleged ineffective assistance of counsel and upon the close of the evidence dismissed the amended petition. The circuit court order dismissing the amended petition was entered on May 20, 1971, and on October 15, 1971, this court filed its opinion in *People v. McCabe, 49 Ill.2d 338,* holding unconstitutional the classification of marijuana as a drug covered by the Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—1 *et seq.*).

Petitioner, citing *McCabe* and *People v. Hudson, 50 Ill.2d 1,* contends that because the statute under which he was convicted has been held unconstitutional the judgment dismissing his post-conviction petition must be reversed, and the cause remanded with directions to vacate the judgment of conviction. The People contend that because petitioner did not, during the trial or appeal of his original conviction, raise the issue of unconstitutionality of the statute, and did not argue the issue in the hearing on his post-conviction petition in the circuit court, the contention is waived and may not be considered in this appeal.

In *Hudson* we allowed leave to appeal and under authority of *McCabe* reversed the judgment of the appellate court (130 Ill. App. 2d 1033) even though the issue of the validity of the Narcotic Control Act was not raised in the appeal. We have not, however, previously considered

the question of whether the holding invalid of the statute upon which a conviction rests requires vacation of the judgment when the issue of its constitutionality is raised for the first time in a post-conviction proceeding. Although not precisely in point, we find somewhat analogous the situation considered by the court of appeals in *United States v. Liguori (2d Cir. 1971), 438 F.2d 663. Liguori* involved four defendants in three cases in which, following the decisions of *Leary v. United States, 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532,* and *Turner v. United States, 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642,* holding unconstitutional the presumptions contained in 21 U.S.C. secs. 174 and 176(a) and 26 U.S.C. sec. 4704(a), the defendants, following the procedure provided in 28 U.S.C. sec. 2255, moved in the district court for vacation of their sentences. The motions were heard by the three trial judges; in each instance the district court vacated the judgments, the United States appealed, and the court of appeals affirmed.

Certainly, if, as held by the court of appeals, considerations of justice and fairness require reversal of a conviction obtained under an invalid procedural provision, even though questioned for the first time in a post-conviction proceeding, considerations of justice and fairness compel the conclusion that the question presented in this case can be raised for the first time in a post-conviction proceeding and we hold, therefore, that there was no waiver.

The judgment of the circuit court of Cook County is reversed and the cause is remanded with directions to vacate the judgment of conviction.

*Reversed and remanded, with directions.*