THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VERDELL TOLES, Defendant-Appellant.
Second District (2nd Division)   No. 75-303

Opinion filed July 28, 1976.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, Charles D. Sheehy, and Christine M. Drucker, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendant was charged with the crime of burglary and after a jury trial was sentenced to a term of not less than 2 nor more than 6 years. On direct appeal, this court on September 26, 1975, affirmed the judgment of conviction. *People v. Toles*, 32 Ill. App. 3d 22.
Defendant then filed a post-conviction petition *pro se*. On April 25, 1974, after Rolland J. McFarland, Esq., was appointed counsel for defendant by the court, an amended petition was filed, alleging a violation of defendant's constitutional rights because of the incompetence of his court-appointed trial counsel. On June 6, 1974, defendant filed an affidavit, which as to that allegation, merely stated that "prior to trial"

defendant "was unable to confide in" him, and that he "was of the opinion that said counsel was not providing him adequate and effective legal assistance in his defense." Upon the State's motion, defendant's amended post-conviction petition was dismissed on July 19, 1974, without an evidentiary hearing for the reason that it did not state grounds for relief.

Defendant contends that his petition, "supported by his own affidavit, containing * * * seven allegations of ineffective assistance * * * of his trial counsel," was sufficient to require an evidentiary hearing. He argues that the State's motion to dismiss "admits the truth of the allegations and questions only their sufficiency."

■■ It should be noted at the outset that the defendant did not, in his direct appeal, allege that his trial counsel was incompetent, and stated no reasons in his amended post-conviction petition for his failure to do so. In the absence of allegations, statements or affidavits "which would excuse failure to urge the question of incompetency of counsel" in his direct appeal, such basis for post-conviction relief is deemed to have been waived. *People v. Hill*, 44 Ill. 2d 299, 303; *People v. Lynch*, 32 Ill. App. 3d 350, 352.

■■ Moreover, to require an evidentiary hearing, a post-conviction petition must make a substantial showing of a violation of a constitutional right. (*People v. Farnsley*, 53 Ill. 2d 537.) In *Farnsley* the court stated at page 549:

> "The burden is on the defendant to clearly set forth in what respect his constitutional rights were violated and support the allegations with affidavits, records, or other evidence which establishes a violation of these rights. Absent such a showing, a petition may be dismissed without a hearing."

Where incompetency of counsel is alleged defendant must establish trial counsel's actual incompetence in the carrying out of his duties and substantial prejudice resulting therefrom without which the outcome would probably have been different. *People v. Stepheny*, 46 Ill. 2d 153.

In the case at bar defendant failed to attach to his petition affidavits, records or other evidence to establish the allegations of his petition and failed to state therein why adequate affidavits were not attached. (See Ill. Rev. Stat. 1973, ch. 38, par. 122—2.) As noted above, the affidavit attached to defendant's amended petition merely made a conclusionary statement that he was denied effective assistance of counsel. We have nevertheless carefully considered each of the allegations of defendant's amended petition complaining of trial counsel's incompetence and find them insufficient.

*People v. Stepheny*, 46 Ill. 2d 153, relied on by defendant is inapposite. There the petition clearly established defendant's right to an evidentiary hearing by the affidavits of certain witnesses whom his trial counsel failed

to call or investigate concerning the nature and significance of their testimony.

We therefore affirm the judgment of the trial court of Winnebago County.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.