THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CORNELIUS CARMICKLE, Defendant-Appellant.

Third District   No. 76-21

Opinion filed February 25, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County, after trial by jury, finding defendant, Cornelius Carmickle, guilty of the offenses of arson and murder and sentencing him to concurrent terms of

not less than 50 years nor more than 150 years for the offense of murder and not less than 6 2/3 years nor more than 20 years for the offense of arson.

The State presented evidence showing that at about 11 p.m. on November 26, 1974, the Stratton Hotel in Peoria was damaged as the result of a man-made fire. A disabled resident of the hotel who was unable to flee from the building died from suffocation due to smoke inhalation. A State's witness testified that at about 10:30 p.m. on November 26, 1974, he and defendant left the Merchants Tap and walked about one-half block to the Stratton Hotel where the witness lived. As he and defendant passed the unattended clerk's desk defendant took a key to an unoccupied room. Defendant stated that he had slept in a room on previous occasions without paying and at other times he had been caught by the manager and thrown out. Defendant told the witness that because the manager was such a "bitch" he was going to burn the hotel down. The witness went from his room down the hallway to the bathroom. When he came out of the bathroom he saw defendant down the hall apparently trying to open a locked room with the key he had taken. Defendant returned to the witness's room a short while later and asked for some matches. The witness had no matches and defendant left and returned about 3 to 5 minutes later and told the witness to get the hell out of the room because the place was on fire. Several minutes later people were banging on doors and yelling fire because a fire had started on the second floor.

A bartender at the Merchants Tap on November 26, 1974, testified that at the time he heard the fire engines defendant walked in and sat at the bar. He testified it was unusual for defendant to be sitting at the bar and talking to him. Defendant stated three or four times "You know I'm here, Carl, so I could not have started the fire."

An occupant of the hotel at the time of the fire testified that when he informed the defendant he had been interviewed by the police concerning the fire defendant told him to keep his mouth shut or he would be an accessory to the fact of arson and murder.

A Peoria police officer testified he interviewed defendant on December 5, 1974, regarding the burglary and arson of a truck. Defendant volunteered, without the officer making any mention of the hotel fire, that he didn't know anything about the hotel fire and that he was at the Merchants Tap and watched it burn.

Defendant testified he was never in the hotel on November 26, 1974. He stated he returned to the Merchants Tap at the time the fire sirens were sounding. He denied ever setting the fire.

■■ The first issue on this appeal is whether the judgments of conviction of both arson and murder entered against the defendant and the sentences given to him were proper. The general rule is that where two

offenses arise out of the same course of conduct there can be but one judgment of conviction. *People v. Lilly*, 56 Ill. 2d 493, 309 N.E.2d 1.

The State argues defendant was properly convicted and sentenced for both offenses and attempts to distinguish the recent Illinois Appellate Court case of *People v. Barto*, 27 Ill. App. 3d 853, 327 N.E.2d 469, *rev'd on other grounds*, 63 Ill. 2d 17, 344 N.E.2d 433. Barto was convicted on a guilty plea for the offenses of arson and involuntary manslaughter resulting from a hotel fire. He argued his judgment and sentence for the lesser offense of involuntary manslaughter had to be vacated because both offenses charged resulted from a single occurrence. The appellate court reversed his conviction for involuntary manslaughter because the two offenses, arson and involuntary manslaughter, were based upon a single act and there was no indication the offenses were independently motivated.

The State argues the *Barto* case is distinguishable in that the trial court admitted the same act formed the basis for the arson indictment and for the involuntary manslaughter information. However, in the instant case it is clear from the record the same act did form the basis for the arson indictment and for the murder indictment. There is no evidence in the record to indicate the offenses of murder of the disabled resident of the hotel and arson of the hotel were independently motivated or resulted from anything other than a single act by defendant in setting fire to the hotel. Consistent with the general principle enunciated in *People v. Lilly*, 56 Ill. 2d 493, 309 N.E.2d 1, and with the application of that principle in *People v. Barto*, 27 Ill. App. 3d 853, 327 N.E.2d 469, we hold here the trial court improperly entered judgments of conviction and sentences for the offenses of murder and arson because both offenses resulted from a single course of conduct. Accordingly, the judgment of conviction and sentence for the lesser offense of arson must be vacated.

Defendant makes two related but independent arguments regarding his contention that this cause should be remanded for sentencing on the murder conviction. His first argument is that the severity of the sentence imposed for the offense of murder may have been motivated by the trial judge's belief that defendant was guilty of two separate crimes and punishable for both. With regard to this argument defendant cites *People v. Butler*, 31 Ill. App. 3d 433, 334 N.E.2d 831, and *People v. Guppy*, 30 Ill. App. 3d 489, 333 N.E.2d 576. *People v. Butler*, 31 Ill. App. 3d 433, 334 N.E.2d 831, was reversed by the Illinois Supreme Court at 64 Ill. 2d 485, 356 N.E.2d 330, wherein the court held defendant was properly convicted of two armed robberies and the trial court did not abuse its discretion in sentencing the defendant to concurrent sentences of 8 to 15 years on each conviction. In *People v. Guppy*, 30 Ill. App. 3d 489, 333 N.E.2d 576, defendant was convicted on 13 counts of perjury and given one sentence

of 3 years probation on all 13 counts. The court reversed her conviction on some counts and held that where one sentence was imposed on all counts, and some of those counts were invalid, the cause should be remanded for a reconsideration of sentence by the trial court even though 3 years probation is not an inappropriate sentence on the 10 counts which were valid convictions.

■■ In the instant case defendant was sentenced separately on each count and accordingly we find *People v. Guppy*, 30 Ill. App. 3d 489, 333 N.E.2d 576 is inapposite. Furthermore, there is no indication the arson conviction was considered in sentencing the defendant for murder. The constitutional admonition that all penalties be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship (Ill. Const. 1970, art. I, § 11) necessarily requires the sentencing judge to look at the circumstances attending the offense. In the instant case the trial judge by necessity must have considered the fact that the means by which the victim was killed was the setting of fire to the hotel. Accordingly, we hold the sentence for this cause need not be remanded for resentencing on the offense of murder based on defendant's contention the severity of the sentence imposed may have been motivated by the trial court's belief defendant was guilty of two separate crimes and punishable for both.

The final issue is whether the sentence imposed for the offense of murder of not less than 50 nor more than 150 years is excessive. The maximum term to which defendant could have been sentenced was any term in excess of 14 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(1).) The minimum term to which defendant was subject was 14 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(1).) We note the sentence imposed of not less than 50 years nor more than 150 years was within the statutory limits.

Defendant cites three cases in which the appellate court reduced sentences. Each of these cases is distinguishable from the case at bar. In *People v. Bounds*, 36 Ill. App. 3d 330, 343 N.E.2d 622, defendant was sentenced to a term of 100 to 150 years on one count of murder to be served concurrently with terms of 20 years on each of three counts of attempt murder. The court took judicial notice that in *People v. Hall*, 17 Ill. App. 3d 1, 307 N.E.2d 664, the court held that Bounds' codefendant Hall's 100- to 150-year sentence for murder was excessive and reduced his sentence on the murder count to 35 to 80 years.

In *People v. Drumheller*, 15 Ill. App. 3d 418, 304 N.E.2d 455, defendant was sentenced to a term of 70 to 125 years for the murder of a child. The court noted defendant had no prior criminal record and in almost

identical circumstances in another case a defendant had been sentenced to a term of 20 to 35 years. Defendant's term in *Drumheller* was reduced accordingly. In *People v. Allen*, 35 Ill. App. 3d 342, 341 N.E.2d 431, the court reduced defendant's sentence for the offense of murder from a term of 70 to 100 years to a term of 33 to 100 years. The court's holding was based on the principle that a true indeterminate sentence is one with a sufficient difference between the minimum and maximum sentence to allow the prisoner an opportunity for parole.

■■ Each of the above-cited cases is distinguishable from the case at bar. The controlling principle here is that the trial court is in a far better position to appraise and evaluate the likelihood of defendant's rehabilitation and a court of review cannot substitute its judgment for that of the trial court unless there has been a clear abuse of discretion. (*People v. Andrews*, 6 Ill. App. 3d 78, 283 N.E.2d 334, and *People v. Cole*, 23 Ill. App. 3d 620, 321 N.E.2d 71.) In view of the record in this cause and in light of the above principles, we cannot find as a matter of law that the trial court abused its discretion in sentencing defendant.

For the foregoing reasons the judgment of conviction and sentence of the circuit court of Peoria County for the offense of arson is vacated and the judgment of conviction and sentence for the offense of murder is affirmed.

Judgment vacated in part and affirmed in part.

STENGEL and BARRY, JJ., concur.