THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD EDWARDS, Defendant-Appellant.

Third District    No. 79-316

Opinion filed April 15, 1980.

Lawrence W. Propp, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (William Holman, Assistant State's Attorney, and John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Ronald Edwards appeals from an order of the Circuit Court of Peoria County dismissing his petition for post-conviction relief without an evidentiary hearing.

Defendant was indicted on two counts of unlawful use of weapons and one count of burglary. He and Robert Sneyd were arrested after midnight on July 11, 1973, near a Lipsett Steel Company office which had been entered by means of a hole cut in the roof. Plaster from the ceiling was scattered about the office. The clothing worn by defendant and Sneyd at the time of their arrest was kept as evidence. What was thought to be defendant's clothing was sent to the FBI Crime Laboratory to be tested for plaster particles, but no plaster particles were found.

At defendant's trial, Sneyd testified for the State that defendant had lowered himself through the hole in the roof while Sneyd remained outside. The clothing which had been sent to the laboratory was identified as that worn by defendant, and was admitted into evidence along with the test results. After the State rested its case, the prosecutor, suspecting that the wrong clothing had been sent to the laboratory, sent the other clothing. Plaster particles were found. The State was denied leave to reopen its case to have the new test results admitted into evidence, but was permitted to reopen its case to show that the clothing which had been admitted into evidence had been worn by Sneyd, not defendant. Defendant waived the taking of closing arguments by the court reporter, but a tape recording was made.

Defendant was found guilty as charged and was sentenced to

concurrent terms of imprisonment of 6½ to 20 years for burglary and 3½ to 10 years for unlawful use of weapons.

In preparing defendant's post-trial motion, defendant's trial counsel had portions of closing arguments transcribed from the tape recording. This partial transcription revealed that the prosecutor twice referred to the clothing which had not been admitted into evidence. The tape recording was subsequently lost through the fault of neither party. The trial court denied defendant's motion for a new trial.

On direct appeal, the partial transcription of closing arguments was filed as a bystander's report, and this court held that the prosecutor's reference during closing arguments to the clothing not in evidence constituted reversible error. (*People v. Edwards* (1977), 49 Ill. App. 3d 79, 363 N.E.2d 935.) The Illinois Supreme Court reversed that decision, and it held that defendant had failed to preserve the record of the closing arguments sufficiently to determine whether the statements of the prosecutor constituted reversible error, and that defendant had waived consideration of whether his trial counsel was ineffective in not challenging the lawfulness of a search. *People v. Edwards* (1978), 74 Ill. 2d 1, 383 N.E.2d 944, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862.

After the Illinois Supreme Court decision, defendant filed a petition in the Circuit Court of Peoria County pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*). The court dismissed the petition without an evidentiary hearing, and this appeal followed.

Defendant contends that the issues raised in his post-conviction petition required an evidentiary hearing. First, he claims that since he had done all he reasonably could have done to preserve the record of the closing arguments, the decision of the Illinois Supreme Court that it would not consider the issue of improper argument by the prosecutor because of defendant's failure adequately to preserve the record denied him due process of law. In support of this contention he filed an affidavit of his trial counsel stating that, during the conference on jury instructions, the trial court indicated that the court reporter was needed elsewhere in the courthouse. Counsel agreed to waive the taking of closing arguments by the court reporter on condition that they be tape recorded, and that, in the event of an appeal, they would be transcribed and incorporated into the record.

■■ Issues which could have been raised on direct appeal and were not, or which were raised on direct appeal and resolved adversely to the defendant, may not be raised in a petition under the Post-Conviction Hearing Act. (*People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436; *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.) Since

defendant could have made this contention before the Illinois Supreme Court on direct appeal, he cannot raise it in his post-conviction petition.

■■ Defendant contends that the record on direct appeal did not show the conditions upon which he waived the presence of a court reporter and that these conditions were newly discovered facts which formed the basis of his claim. He says the issue was, therefore, properly raised in his post-conviction petition. While it is true that issues which were not raised on direct appeal because their factual basis was not in the record may, under certain circumstances, be raised in the post-conviction petition (*People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436), we think that the record on appeal in the instant case contained the factual basis for this issue and the additional facts supplied by the affidavit would not have altered the record in any significant way. Hence, this issue has been waived.

■■■ Even if defendant had not waived consideration of this issue, the trial court properly denied an evidentiary hearing. To be entitled to an evidentiary hearing on his petition for post-conviction relief, the defendant must make a substantial showing of the violation of a constitutional right. *(People v. Shaw* (1971), 49 Ill. 2d 309, 273 N.E.2d 816; *People v. Johnson* (1976), 37 Ill. App. 3d 328, 345 N.E.2d 531.) In the instant case defendant, citing *United States ex rel. Westbrook v. Randolph* (7th Cir. 1958), 259 F.2d 215, contended that since he had done all he reasonably could have done to preserve the record, the decision of the Illinois Supreme Court not to consider the issue of improper argument by the prosecutor because of defendant's failure adequately to preserve the record denied him due process of law. In fact, defendant did not do all he reasonably could have done to preserve the record. Although the tape recording of closing arguments was available when he prepared his motion for a new trial, defendant had only a portion of the argument transcribed, not all of it. This fact serves to distinguish the instant case from *Randolph*.

Although he did not do so in his written amended post-conviction hearing petition, on appeal defendant contends he was denied due process of law in that the Illinois Supreme Court based its decision, not on the record on appeal, but on the unsubstantiated allegations of trial counsel made during the course of argument on appeal. He contends that he should be granted an evidentiary hearing on this issue. In support of this contention defendant observes that his partial transcription of closing arguments was filed in this court as a bystander's report. Citing Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)), he contends that this bystander's report became a part of the record on appeal and that the Illinois Supreme Court ignored this record. The supreme court decision indicates that in fact the court did consider the partial transcription but found that it did not contain enough of the closing

arguments to show whether reversible error had been committed. (*People v. Edwards* (1978), 74 Ill. 2d 1, 383 N.E.2d 944.) Defendant's argument is without merit.

Defendant's next contention is that he was denied due process of law by the Illinois Supreme Court's ruling that he had waived the issue of whether he was denied the effective assistance of counsel in that trial counsel did not challenge the lawfulness of a search. He contends that the supreme court based its decision on the fact that the issue was not raised in his motion for a new trial. Since trial counsel prepared the motion, and since it is unlikely that any trial counsel would accuse himself of rendering ineffective assistance, defendant argues that the decision of the Illinois Supreme Court precluded review of this issue and denied him due process of law.

■ We note at the outset, as did the supreme court, that defendant first raised this issue in the supreme court, not this court, even though he was represented here by counsel other than trial counsel. In any event, defendant could have presented his due process argument in the Illinois Supreme Court, and his failure to do so precludes him from doing so in his post-conviction petition. *People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436.

■ Defendant's next contention is that he was denied the effective assistance of counsel when his trial counsel waived the taking of closing arguments by the court reporter. Waiver of the recording of closing arguments has been held not to amount to ineffective assistance of counsel. (*People v. Lewis* (1977), 55 Ill. App. 3d 1022, 371 N.E.2d 672. See also *People v. Barbour* (1972), 5 Ill. App. 3d 323, 282 N.E.2d 175.) Since defendant failed to make a substantial showing of the violation of a constitutional right with respect to this contention, he was properly denied an evidentiary hearing on it. *People v. Shaw* (1971), 49 Ill. 2d 309, 273 N.E.2d 816.

Defendant's final contention is that he was denied the effective assistance of counsel on appeal because the office of the State Appellate Defender did not begin attempting to prepare a bystander's report of the closing arguments until more than eight months after the record on appeal had been filed. Defendant contends that, had appellate counsel begun to prepare a bystander's report sooner, when the memories of the trial participants were relatively fresh, a sufficient record of the closing arguments would have been presented to the Illinois Supreme Court. Appellate counsel's delay, defendant contends, denied him the effective assistance of counsel.

■ In order to prevail on a claim of ineffective assistance of appointed counsel, the defendant must show actual incompetence which substantially prejudiced his case. (*People v. Lewis* (1977), 55 Ill. App. 3d

1022, 371 N.E.2d 672.) The claim of substantial prejudice cannot be based on mere conjecture. (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 302 N.E.2d 3.) Defendant's suggestion that the memories of the trial participants would have been fresh enough when the record was filed eight months after the trial that a sufficient record could have been prepared is mere conjecture and cannot support his claim of substantial prejudice. Since defendant failed to make a substantial showing of the violation of a constitutional right with respect to this final contention, the trial court properly denied him an evidentiary hearing in it. *People v. Shaw* (1971), 49 Ill. 2d 309, 273 N.E.2d 816.

For the reasons stated, the order of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.