1148

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY MILLER, Defendant-Appellant.

Third District   No. 79-1007

Opinion filed February 4, 1981.

Kent F. Slater, of Lucie, Heiser & Slater, of Macomb, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Larry Miller, appeals from an order of the circuit court of McDonough County denying his petition for post-conviction relief. Regretfully, we reverse and remand this cause for a new trial.

This is the second time the defendant appears before this court. In 1977, we affirmed on direct appeal his conviction for the rape of a Western Illinois University co-ed for which he received a sentence of not less than 20 nor more than 30 years' incarceration (*People v. Miller* (1977), 46 Ill. App. 3d 882, 361 N.E.2d 373). Following our affirmance of his conviction, the defendant filed a petition in the circuit court seeking post-conviction relief (Ill. Rev. Stat. 1977, ch. 38, par. 122—1). In his post-conviction petition, the defendant alleged, *inter alia*, that his prosecution by McDonough County State's Attorney William D. Henderson deprived him of due process of law because, while prosecuting the defendant, Henderson temporarily served as that county's public defender; that, for any one of a number of reasons we need not detail here, he was deprived of his constitutional right to effective assistance of counsel; and that his due process rights were violated when pursuant to the procedure then in effect governing fitness hearings (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(i)) (which was subsequently found by our supreme court to be unconstitutional (*People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307)), he was given the burden of proving himself unfit to stand trial. As previously noted, following a hearing the defendant's post-conviction petition was denied. It is his appeal from the order of the court denying his petition with which we are concerned.

■■ With respect to most of the issues raised by the defendant on appeal, we believe that the failure of the defendant to raise them on direct appeal when he then had the opportunity to do so has resulted in waiver. In *People v. Johnson* (1978), 63 Ill. App. 3d 745, 748, 380 N.E.2d 531, 534, we discussed the principle of waiver in the context of post-conviction proceedings:

> "The Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) designates the procedure whereby persons in the penitentiary may pursue claims that they were substantially denied their constitutional rights in the trial court proceedings. The post-conviction hearing procedure, however, is not designed to give such persons another opportunity to again raise on appeal issues which were, or could have been, adjudicated on direct appeal. The general rule was stated by the Illinois Supreme Court in *People v. Kamsler* (1968), 39 Ill. 2d 73, 74, 233 N.E.2d 415:
>
>> 'It is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all

issues which could have been presented to the reviewing court, if not presented, are waived.' "
(Accord, *People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771.) It is clear to us that an objection to Mr. Henderson's participation in defendant's trial could easily have been made at the time of the defendant's first appeal. Similarly, the precise issues raised in defendant's post-conviction petition and on appeal here concerning the effectiveness of defendant's trial counsel could have been forwarded on direct appeal. Indeed, much of our earlier opinion deals with defendant's allegations that his trial counsel was ineffective. There has been no allegation by appellate counsel here that the failure to raise these issues for our consideration on direct appeal was due to the incompetency of previous appellate counsel, and we do not believe that the doctrine of fundamental fairness should apply here to prevent utilization of the waiver rule (see *Johnson*). Accordingly, because these issues could have been raised at the time of defendant's first appeal, but were not, they have been waived for purposes of review here. One issue that has not been waived, however, is whether the defendant's due process rights were violated when, at the pretrial hearing to determine his competency to stand trial, he was unconstitutionally given the burden of proving himself unfit to stand trial. It is to this issue that we will address the remainder of our opinion.

On December 15, 1975, pursuant to a motion by the defendant, a fitness hearing was held before a jury in order to determine the fitness of defendant to stand trial. Under the statute then in effect governing the procedure to be followed in competency hearings, the defendant was burdened with proving his unfitness. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1(i).) Accordingly, the jury was advised by the State's Attorney and instructed by the court that the burden of proving unfitness was upon the defendant. Following hearing, the defendant was found fit to stand trial. He was subsequently convicted, and our opinion affirming his conviction on appeal was filed on March 31, 1977.

■■ On April 5, 1977, the Illinois Supreme Court held that section 5—2—1(i) of the Unified Code of Corrections was unconstitutional insofar as it placed the burden of proving unfitness upon the defendant (*People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307).[1] *McCullum* was given retroactive effect in *People v. Hubert* (1977), 51 Ill. App. 3d 394, 366 N.E.2d 909, where the First District Appellate court reversed the conviction of a defendant found fit under section 5—2—1(i) prior to

---

[1] Section 5—2—1(i) was subsequently repealed by Public Act 81-1217, §3. Section 104—11(c) of the Criminal Code now provides that once a bona fide doubt of defendant's fitness to stand trial is raised, the burden is upon the State to prove fitness by a preponderance of the evidence. Ill. Rev. Stat. 1979, ch. 38, par. 104—11(c).

*McCullum.* The court's reasoning for applying *McCullum* retroactively was that *McCullum* did not change well-settled constitutional principles regarding the burden of proving fitness, but merely reaffirmed what the law had always been prior to the enactment of section 5—2—1(i) by our General Assembly in 1973 (51 Ill. App. 3d 394, 398, 366 N.E.2d 909, 912). We adhere to the reasoning of the court in *Hubert*, and agree that *McCullum* is to be given retroactive application.

■■ The fact that section 5—2—1(i) was unconstitutional *ab initio*·however, does not mean that a reversal and remandment for a new trial, or at least a retrospective fitness hearing, is mandated in every instance where a defendant was found fit to stand trial under the procedure provided by that statute. The supreme court made this point clear in *People v. Bilyew* (1978), 73 Ill. 2d 294, 383 N.E.2d 212. In that case the court held that a pre-*McCullum* fitness hearing conducted under section 5—2—1(i) did not violate the defendant's due process rights because it was clear from the record that allocation of the burden of proof upon the defendant did not enter into the decision of the trial court to find the defendant fit to stand trial. (Accord, *People v. Tamayo* (1978), 73 Ill. 2d 304, 383 N.E.2d 227; *People v. Dixon* (1979), 78 Ill. App. 3d 73, 397 N.E.2d 45). Significantly, however, examination into the effect the unconstitutional allocation of the burden of proof may have had upon the determination of fitness is relevant only in those instances where the fitness determination was made by the court sitting without a jury, as the court in *Bilyew* pointed out in distinguishing *McCullum*:

> "The present case is also distinguishable on its facts from *McCullum*. There a jury was the fact finder at the fitness hearing and was instructed that the burden was on the defendant to prove herself unfit. (66 Ill. 2d 306, 310, 5 Ill. Dec. 836, 362 N.E.2d 307.) Because a court of review cannot know what entered into the jury's determination, such instructions were held to constitute reversible error. As this court said in *People v. Thompson* (1967), 36 Ill. 2d 332, 334, 223 N.E.2d 97, 98:
>
> > 'In view of the fact that the jury may have considered the entire pretrial sanity hearing upon an erroneous theory, we hold defendant was deprived of due process of law.' " (73 Ill. 2d 294, 303, 383 N.E.2d 212, 216.)

In light of the views expressed by our supreme court in *Bilyew* and the fact that the fitness hearing in the instant case was held before a jury, we have no choice but to hold that the fitness hearing conducted in the instant case pursuant to section 5—2—1(i) of the Unified Code of Corrections constituted a violation of the defendant's due process rights, and necessitates reversal.

■■ The only question that remains is whether we are to remand for a retrospective fitness hearing or for a new trial. Although we would prefer to remand for a fitness hearing only, this court, as well as a number of other courts including the United States Supreme Court, have noted the difficulties inherent in conducting a retrospective fitness hearing (*Pate v. Robinson* (1966), 383 U.S. 375, 15 L. Ed. 2d 815, 86 S. Ct. 836; *People v. Thompson* (1967), 36 Ill. 2d 332, 223 N.E.2d 97; *People v. Teague* (1980), 83 Ill. App. 3d 990, 404 N.E.2d 1054; *People v. Hubert* (1977), 51 Ill. App. 3d 394, 366 N.E.2d 909). "[I]n view of the difficulties inherent in conducting a *nunc pro tunc* redetermination of the defendant's fitness at trial the only way to adequately protect his due process rights is to afford him a new trial [citations], provided, of course, that he is fit for retrial." (*Hubert*, 51 Ill. App. 3d 394, 400, 366 N.E.2d 909, 914.) In view of the difficulties that accompany a retrospective fitness hearing noted by the United States Supreme Court in *Pate*, and considering the fact that it is almost five years since the defendant's trial, we concur with the opinion expressed in the *Hubert* case that it is only by way of remandment for a new trial that defendant's constitutional rights can be adequately protected.

In all honesty, as we have heretofore indicated, we regret the outcome of this case, particularly when no error was committed by the court either in its conduct of the fitness hearing or the subsequent trial. However, the protections afforded by our constitution to not only this defendant but to all who live in this country are not to be denied simply because as individuals we would prefer a different result.

For the reasons we have stated, we reverse the judgment of the circuit court of McDonough County and remand for proceedings consistent with the views expressed herein.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.