THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORNELIUS CARMICKLE, Defendant-Appellant.

Third District    No. 79-114

Opinion filed July 14, 1981.

918

BARRY, J., specially concurring.

Emmett W. Lally, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Cornelius Carmickle, was convicted in the Circuit Court of Peoria County of arson and murder and direct appeal of those convictions was taken to this court. This court vacated the conviction of arson and affirmed the murder conviction and the sentence of imprisonment of not less than 50 nor more than 150 years imposed thereon. (*People v. Carmickle* (1977), 46 Ill. App. 3d 112, 360 N.E.2d 794.) Subsequent to his appeal, to-wit, on August 1, 1978, the defendant filed a *pro se* petition for post-conviction relief. Private counsel was appointed to represent the defendant. On December 19, 1978, the State filed a motion to dismiss the defendant's petition for post-conviction relief, and this motion was granted without evidentiary hearing on February 1, 1979. Defendant appeals from the order dismissing his petition for post-conviction relief. This court appointed counsel other than the appellate defender office to represent the defendant in this appeal since he is alleging ineffective assistance of the appellate defender on his direct appeal to this court.

In this appeal the defendant contends that he was denied due process of law by an improper allocation of the burden of proof at the fitness hearing held prior to sentencing and by not being allowed to introduce his prior convictions during his direct testimony. He further contends counsel representing him in his direct appeal was ineffective for failure to raise the issue as to the allocation of the burden of proof at the fitness hearing and that his trial counsel was ineffective for failure to call certain witnesses.

■■ Of the aforementioned issues raised by the defendant, three of them have clearly been waived by the defendant for purposes of review by this court. The post-conviction procedure is not to be used to raise issues which were or could have been raised on direct appeal. *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531; *People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771; and *People v. Miller* (1981), 92 Ill. App. 3d 1148.

■■ The defendant failed to raise the following issues in direct appeal: (1) the question as to the allocation of the burden of proof at the fitness hearing prior to sentencing, (2) his contention that error was committed when he was not allowed to introduce his prior convictions during his direct testimony, and (3) his contention that his trial counsel provided ineffective assistance. Having failed to raise these issues in his direct appeal, he has waived consideration of the same in this appeal.

It should further be noted that the Post-Conviction Act provides:

"Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Ill. Rev. Stat. 1973, ch. 38, par. 122—3.

In the instant case the defendant filed a *pro se* petition for post-conviction relief on August 1, 1978. In this petition he raised the following issues: (1) that trial counsel was inadequate for failure to call witnesses, (2) the trial judge erred in refusing his motion for change of venue and judge, (3) he was denied pre-trial discovery, (4) the jury was prejudiced; and (5) he was punished for exercising his constitutional right to a trial by a jury. The trial court appointed counsel to represent the defendant and counsel on November 9, 1978, filed an amended post-conviction petition in which it was alleged that (1) the defendant was denied his right to a speedy trial, (2) the State failed to file discovery as it became due, (3) the jury or judge was tainted by passion since the defendant was arbitrarily refused a motion for change of venue and judge, (4) the defendant was punished for exercising his right to jury trial, and (5) the defendant was denied his constitutional right to competent counsel at trial.

■■ An examination of the *pro se* petition and the amended petition clearly discloses that neither of said documents raised the allocation of the burden of proof issue; the issue as to the refusal to allow the defendant to introduce his prior convictions during his direct testimony or that ineffective appellate counsel denied him his constitutional rights. Having made no claim regarding these issues, the defendant has waived consideration of them by this court in this appeal.

In regard to the defendant's contention concerning the improper allocation of proof of fitness prior to sentencing, it is clear from his brief that he acknowledges the fact that this issue was never raised in his direct appeal or in his post-conviction petition as filed *pro se* or as amended. Even if the defendant had raised this issue, it would not be meritorious and would afford him no relief. Our supreme court declared the allocation of the burden of proof to the defendant in a fitness hearing prior to trial unconstitutional in *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307. The supreme court in *McCullum* held that as a matter of due process, the ultimate burden of proving a defendant's fitness to stand trial is on the State. We do not find the defendant's reliance on *McCullum*

well taken in that he is complaining of a hearing prior to sentencing and not prior to trial. The criteria as to the defendant's fitness at time of sentencing is far more limited at a sentencing hearing than it is when a determination is made as to his fitness for trial. At time of sentencing the ability of a defendant to assist in his own defense is no longer an issue. The only issue at sentencing is the defendant's ability to understand the nature and purpose of sentencing. (*People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799, and *People v. Williams* (1980), 84 Ill. App. 3d 247, 405 N.E.2d 358.) In *Willis* the reviewing court held that no error was committed by the trial court in denying the request of a mentally retarded defendant for a fitness hearing prior to sentencing. In the instant case the record discloses that the defendant at time of sentencing clearly understood what was occurring. He corrected the presentence report, he stated that he was indigent and that he desired to appeal. He entered into a discussion with the trial court as to right to a transcript. It is the defendant's position that the "allocation of burden of proof" question as set forth in *McCullum* is applicable to the proceedings which resulted in the sentence imposed upon him. For the reasons set forth we disagree, and hence the cases of *People v. Sarelli* (1973), 55 Ill. 2d 169, 302 N.E.2d 317, and *People v. Sanford* (1975), 25 Ill. App. 3d 763, 324 N.E.2d 12, cited for the proposition that this court should consider issues which he has thus waived, are unavailing of any benefit to the defendant.

■■■ Though not raised in his direct appeal, the defendant in both his *pro se* post-conviction petition and the petition as amended does make a claim that his trial counsel was ineffective. The petition as amended makes only the bare assertion that the defendant was denied his constitutional rights because of incompetency of defense counsel. Such an assertion is nothing more than a conclusionary allegation and is insufficient to require or constitute a basis for a hearing on the post-conviction petition. In the *pro se* petition filed by the defendant it is alleged that he was denied his constitutional rights because his counsel was incompetent in that he refused to call defense witnesses. This allegation standing alone also fails to trigger a post-conviction hearing. When a defendant attacks competency of counsel for failing to call or contact certain witnesses, he must attach affidavits of these witnesses to his post-conviction petition and explain the significance of their testimony. (*People v. Stepheny* (1970), 46 Ill. 2d 153, 263 N.E.2d 83; *People v. Toles* (1976), 40 Ill. App. 3d 651, 352 N.E.2d 58.) The defendant has failed to meet these requirements and hence was not entitled to a hearing on his claim that he was denied effective assistance of counsel.

For the reasons set forth the defendant's conviction is affirmed.

Affirmed.

HEIPLE, J., concurs.

Mr. JUSTICE BARRY, specially concurring:

I concur with the result reached by the majority in this case. However, my concurrence is qualified because I do not consider the defendant's failure to raise the unconstitutionality of section 5—2—1(i) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 5—2—1(i)) in his direct appeal to constitute a waiver of that issue on this appeal from the denial of his post-conviction petition. The Illinois Supreme Court did not declare the unconstitutionality of the statute in *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307, until after this court's opinion in defendant's direct appeal had been filed (this court decided defendant's direct appeal on February 25, 1977 (*People v. Carmickle* (1977), 46 Ill. App. 3d 112, 360 N.E.2d 794); *McCullum* was filed April 5, 1977). Because pre-*McCullum* implementation of section 5—2—1(i) constituted an error of constitutional magnitude, the unconstitutionality of that statute thereafter became a proper issue to be raised in a post-conviction proceeding (see *People v. Miller* (1981), 92 Ill. App. 3d 1148, 416 N.E.2d 765). Consequently, had *McCullum* been applicable to the instant case, which I agree with the majority it is not, the waiver would have resulted not from the defendant's failure to address the unconstitutionality of section 5—2—1(i) in his pre-*McCullum* direct appeal, but from his failure to allege it as grounds in either of his post-*McCullum* petitions for post-conviction relief.