THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* MILTON JOHNSON, Petitioner-Appellant.

Third District   No. 75-148

Opinion filed April 7, 1976.

Howard T. Savage, of Chicago (Patricia Unsinn, of counsel), for appellant.

Martin Rudman, State's Attorney, of Joliet (Bart P. Markese, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Petitioner Milton Johnson appeals from the trial court's denial of his post-conviction petition filed in the Circuit Court of Will County and the dismissal thereof (Ill. Rev. Stat. 1973, ch. 38, §122—1 *et seq.*) without an evidentiary hearing thereon.

Johnson had been convicted of rape, burglary and aggravated battery following a rape, beating and other mistreatments of a young girl in Pilcher Park in Joliet on February 15, 1970. The facts in the case are briefly summarized in our opinion which affirmed the conviction on direct appeal in *People v. Johnson* (3rd Dist. 1972), 8 Ill. App. 3d 457, 289 N.E.2d 722. Simply stated, the 18-year-old victim was attacked, beaten and raped in her automobile, where she had been sitting with her boyfriend. The rapist forced his way into the automobile with a shotgun and forced the 18-year-old victim in the rear seat with him and forced the boyfriend to get down on the floor in the front seat. The boyfriend dashed to escape and ran for help. The victim had been so severely beaten that she was semiconscious. The automobile in which defendant had come into the park apparently had broken down. Defendant had claimed he was passing by and had seen the victim moaning and calling for help. He was then driving the 18-year-old victim's car when he was intercepted by the police. He told them he was taking her to the hospital and, when they got the report of the assault, they arrested him at the hospital.

The post-conviction petition which is now before us alleges that Johnson was deprived of his constitutional right to due process of law, in that the evidence which supported his conviction was stated by him to be "devoid of any probative value in the eyes of the law." The State responded that the petition was merely an attempt to reargue the sufficiency of the evidence which was not a constitutional issue and, also, in any event, questions relating to the sufficiency of the evidence were *res judicata* because of the prior appeal. The trial court granted the State's motion to dismiss the petition. The issue framed by Johnson's brief is whether a claim that the evidence supporting a conviction was so devoid of probative value as to deprive the defendant of his constitutional right to due process is properly cognizable in a post-conviction proceeding, notably, because such proceeding is by statute limited in scope to a consideration of alleged denials of constitutional rights. (Ill. Rev. Stat. 1973, ch. 38, §122—1.) Since the trial court may have relied on the *res judicata* theory advanced by the State, denial of the petition on that basis is also an issue on appeal.

The evidence which principally supported defendant's conviction was the chain of circumstantial evidence, since neither the victim nor the boyfriend were able to clearly see the rapist, under circumstances which existed at the time of the crime. The victim did tell police, after she had

sufficiently recovered to be questioned, that the voice of the man who drove her to the hospital was the same as the voice of the man who attacked her. It was also shown that defendant had Type A blood and that the victim had Type O blood, and that her boyfriend had a different type entirely. There were Type O bloodstains on the fly area of Johnson's undershorts and the inside of his trousers and seminal stains from a Type A secreter on the car seat and floor. Pubic hairs said to be similar to those of both the defendant and the victim were found in the back seat, and hairs similiar to those from the victim's head and pubic area were found on defendant's clothing. All of this evidence was presented by an expert witness for the State from the Joliet crime laboratory.

In addition thereto, a shotgun identified as belonging to defendant's stepfather was found resting against a tree near the scene of the crime. Both defendant and his stepfather indicated that the gun had been in the trunk of the car which defendant was driving on the night of the incident, which vehicle was left in the park by defendant when he drove the victim's car out of the park. The testimony of both the victim and her boyfriend was that the attacker entered their car with a shotgun.

Near the shotgun was found a set of footprints of which a cast was taken. Another cast was taken of the heel of the boot which was worn by Johnson on the night of the incident, and another crime lab analyst testified, on the basis of her comparison of the two casts, that in her opinion defendant's boot had made the footprints.

In addition thereto, an oral pathologist testified that he compared a cast of the teeth of defendant to a picture of the bite marks found on the victim's right breast immediately following the attack. He gave his opinion that it was "exceedingly highly probable" that defendant's teeth had made the bite marks.

In his post-conviction petition, defendant's attack was directed against the testimony of the three expert witnesses who testified for the State. The petition was accompanied by affidavits from two specialists who observed that hair, blood, semen and teeth evidence is helpful only in excluding people as suspects and has limited value as to positively identifying a particular individual. The same was said of the heelprint testimony and of the hair comparisons.

■■ Normally the sufficiency of the evidence is not a question of constitutional stature and could not be considered in the context of a post-conviction proceeding by merely labeling the issue as one of due process. (*People v. Shaw* (1971), 49 Ill. 2d 309, 311; *People v. Frank* (1971), 48 Ill. 2d 500, 504, 272 N.E.2d 25; *People v. Arnold* (1970), 45 Ill. 2d 113, 115, 256 N.E.2d 809; *People v. Cox* (1966), 34 Ill. 2d 66, 67-68, 213 N.E.2d 524.) We recognize, however, that a conviction totally devoid of evidentiary support could be violative of defendant's right to due process of law (*Grego-*

*ry v. City of Chicago* (1969), 394 U. S. 111, 112, 22 L. Ed. 2d 134, 136, 89 S. Ct. 946; *Thompson v. Louisville* (1960), 362 U. S. 199, 206, 4 L. Ed. 2d 654, 659, 80 S. Ct. 624).

Accordingly, we must first consider whether defendant is barred from now raising the issues involved because of *res judicata* and waiver arising from his previous direct appeal. Even if we determine that defendant is not prevented from presenting his case for these reasons, there still remains the requirement that a post-conviction petition must make out a substantial showing of the alleged violation of a constitutional right before the trial court need grant a hearing. *People v. Shaw* (1971), 49 Ill. 2d 309, 311, 273 N.E.2d 816.

■■ ■ It is a generally accepted principle that a direct appeal of a conviction is *res judicata* as to all issues which were or could have been raised therein. The appeal is *res judicata* as to all issues actually raised and decided and the defendant is deemed to have waived all other issues which could have been raised. (*People v. Adams* (1972), 52 Ill. 2d 224, 225, 287 N.E.2d 695; *People v. Kamsler* (1968), 40 Ill. 2d 532, 533, 240 N.E.2d 590; *People v. Healey* (2d Dist. 1974), 23 Ill. App. 3d 214, 216, 318 N.E.2d 89; *People v. Lampson* (3d Dist. 1974), 24 Ill. App. 3d 578, 580, 321 N.E.2d 516.) The issue before us would, therefore, appear to be *res judicata* in accordance with the generally accepted rule. Even if the probative value of the expert witness testimony was not specifically attacked in the appeal, it is certainly evident that such an attack could have been made and thus would be considered waived by failure to do so. Although the doctrine of waiver is relaxed in certain situations where fundamental fairness so requires (*People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456), where, however, as in this case, the defendant was represented by competent counsel at the trial and on appeal (see *People v. Ruiz* (1st Dist. 1974), 24 Ill. App. 3d 449, 452, 321 N.E.2d 746), we are not convinced that it should be relaxed, notably where there is nothing in the record which would excuse defendant's failure to raise the issues now presented, either in the trial court or on appeal. (*People v. Hill* (1970), 44 Ill. 2d 299, 303, 255 N.E.2d 377.) While defendant notes that the waiver rule should not apply when the post-conviction claim concerns material outside the record (*People v. Jones* (1st Dist. 1975), 33 Ill. App. 3d 1025, 1026, 339 N.E.2d 519), there is nothing to indicate that the information now sought to be added by way of the affidavits from the doctors as presented by the petitioner, could not have been provided by the defendant at the trial. It is thus the fault of defendant that the material is outside the record and such fact cannot serve to make the waiver rule inapplicable.

Even though we conclude that the principles of *res judicata* and waiver should apply to support the trial court's dismissal of the petition, we note that the substance of the petition is an attack on the probative value of the

expert witness testimony presented in the trial of this cause. Affidavits of experts now seek to challenge the value of the testimony given by the State's three expert witnesses. We have noted that at the trial the testimony of the expert witnesses presented by the State was based on proper foundation and the affidavits in the petition are largely an attack on the foundation of the testimony and consist of contrary opinions. It would have been most appropriate for the defense to have presented the testimony of such doctors at the trial itself and to allow the trial judge to weigh all of the expert testimony together. There is nothing in the record to show an excuse for defendant's failure to so proceed.

■■ Even if the opinions of the affiants as set forth in the petition were taken at full value to the extent that they conflict with the testimony of the State's witnesses, it would only show that hair, blood and semen evidence, and the evidence of the heelprints and bite marks, did not more than show that defendant was one of a large number of people who might have committed the offense. Certainly the evidence was admissible insofar as it tended to exclude other persons, such as the victim's boyfriend, and failed to exclude defendant as a possible attacker. It was certainly relevant to that extent. The affidavits attached to the petition thus indicate only that the trial judge may have accorded undue weight to this evidence, not that it should have been excluded altogether. This court and others have recognized heretofore that evidence of hair, blood and semen found at the scene of the crime may be admitted, with appropriate foundation, even though its probative value may not be considerable. (*People v. Mann* (3d Dist. 1975), 30 Ill. App. 3d 508, 513, 333 N.E.2d 467; *People v. Gillespie* (2d Dist. 1974), 24 Ill. App. 3d 567, 573, 321 N.E.2d 398; *People v. Smith* (4th Dist. 1974), 19 Ill. App. 3d 138, 143, 310 N.E.2d 818.) Defendant urges us to accept the rule in New York that blood typings are not admissible for identification purposes (*People v. Robinson* (1970), 27 N.Y.2d 864, 317 N.Y.S. 2d 19, 264 N.E.2d 543). We decline to do so, as did the court in *Gillespie* (24 Ill. App. 3d 567, 572-73).

The validity of the heelprint and teeth mark evidence is not attacked in any way sufficient to convince us that such evidence did not have at least some probative value. Most significantly, there is also the presence of a shotgun at the tree trunk near the scene of the rape and where the victim's undergarments were strewn. That shotgun had earlier been in the trunk of the car admittedly driven by defendant. Also, the prosecution showed the presence of Type O blood, different from defendant's blood, and the same as that of the victim, in a peculiar location on the fly of defendant's underwear, and the presence of Type A seminal stains (the same as that of the defendant) in the back seat of the car where the rape took place. Assuming the worthlessness of the hair evidence, and observing the general nature of the blood and semen evidence, it still is apparent that

circumstantial evidence adduced at the trial, including the presence of a shotgun which apparently was left in that position after an attempt to follow the escaping boyfriend or to permit petitioner to lift the victim into her automobile after his automobile broke down, is not satisfactorily explained by defendant. Under the circumstances, it is difficult to come to the conclusion that the admission of the evidence was such error as to amount to a deprivation of defendant's right to due process.

Defendant relies on the case of *People v. Garrett* (1st Dist. 1975), 26 Ill. App. 3d 786, 326 N.E.2d 143. In that case, defendant had been convicted of murder in a case that appeared to be a suicide, when the State's expert testimony convinced the trial court that it was impossible for the deceased to have fired the fatal shot. In a post-conviction petition, which was denied without a hearing, defendant set forth certain allegations of fact not brought out at the trial, either because they were unavailable or because of the alleged incompetence of trial counsel, which seriously disputed the conclusion. The court on appeal there held that based on notions of fundamental fairness, defendant was entitled to present evidence to prove his allegations.

Unlike the *Garrett* case, in the cause before us, the trial court did not clearly place absolute, or even considerable, reliance on the challenged testimony. Nor is the State's case destroyed if the allegations of the petition are true, as was possible in *Garrett*. The theory of *Garrett* is certainly applicable in cases involving facts such as existed in *Garrett* but are not persuasive with respect to the case at bar.

■■ Essentially, the petition before us seeks to relitigate the case based on evidence which could have been presented at trial and which does not necessarily require a different result. To the extent that the doctrine of *res judicata* and waiver arising out of the direct appeal do not bar the petition, we do not believe that there has been a substantial showing of a violation of defendant's right to due process of law. The trial court, therefore, was correct in dismissing the petition without a hearing.

This cause will, therefore, be affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.