THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN PATTON, Defendant-Appellant.

Third District   No. 3—83—0388

Opinion filed February 24, 1984.

Alfred L. Levinson, of Palatine, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County granting the State's motion to dismiss the defendant's petition for post-conviction relief under section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) and dismissing the defendant's petition. We affirm.

The defendant was indicted for murder and attempted armed robbery. He sought in a pretrial motion to quash his arrest and suppress statements he had made to the police. The trial court received extensive testimony, particularly on the question of whether there had been probable cause for the police to make their warrantless arrest of the defendant. The defendant was arrested at his residence. The trial court found there had been probable cause and denied the motion. The defendant was tried by a jury, and convicted and sentenced for murder and attempted armed robbery.

When his motion for a new trial was denied, the defendant appealed to this court. We affirmed the court's finding of probable cause for the arrest and the defendant's conviction in *People v. Patton* (1980), 90 Ill. App. 3d 263, 412 N.E.2d 1097. The defendant's petition for leave to appeal to the Illinois Supreme Court was denied. Thereafter, the defendant filed a petition for a writ of *habeas corpus* which the Federal magistrate dismissed without prejudice, finding that there remained one unexhausted claim for the State courts to address.

The defendant then filed a petition in Peoria County for post-conviction relief based in substantial part on that one claim: that the defendant's arrest should have been quashed as a violation of his

fourth amendment rights under *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, and *United States v. Johnson* (1982), 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579. In the order which dismissed the defendant's petition for post-conviction relief, the circuit court found that the defendant had waived the issue of whether the warrantless arrest at his residence was in violation of *Payton*.

In April of 1980, after the defendant's conviction but before any filing of briefs on his original appeal to this court, the United States Supreme Court held in *Payton* that the fourth amendment as applied to the States through the fourteenth amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. The *Johnson* decision, handed down in 1982, established that *Payton* applied retroactively to convictions that were not yet final when *Payton* was delivered.

The State argues that the defendant has waived his right to appeal under *Payton* and *Johnson* and that the evidence adduced at the hearing on the defendant's pretrial motion to quash established that his arrest was not in violation of the *Payton* rule. The defendant argues that he has not waived the issue and that even if he had, fundamental fairness would require that he be allowed to raise it. Defendant's counsel on appeal acknowledges that there is no written evidence that he raised the *Payton* argument on appeal and that there is no mention of the argument in our original opinion. He states, however, that he orally argued *Payton* before this court, with this court's permission, thus preserving the issue for subsequent review.

Generally, failure to raise an issue which could be raised in the trial court or on direct appeal constitutes a waiver for subsequent review. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Johnson* (1976), 37 Ill. App. 3d 328, 345 N.E.2d 531.) We may relax the doctrine of waiver in situations where fundamental fairness so requires. *People v. Hamby* (1965), 32 Ill. 2d 291, 205 N.E.2d 456.

We agree with the State and the trial court that the defendant could have raised his *Payton* argument in the trial court or in some written document in the appellate court. *Payton* was preceded by both United States Supreme Court and Illinois decisions suggesting that the defendant's warrantless arrest might have been a violation of the fourth amendment even if there were probable cause to arrest. Furthermore, counsel's recollection that he did orally make such an argument before this court is insufficient to preserve the issue for subsequent review. We conclude that the issue was not previously presented to this court. It is our usual practice to allow counsel to argue

orally only those theories which he has briefed or for which he has filed a motion to file additional authority. When we grant an oral motion to orally argue points not of record, we require that counsel file a written memorandum subsequent to the oral argument. Here, there is no written record of the defendant's orally presenting a *Payton* argument and no petition for rehearing on the issue.

■ Nevertheless, we conclude that in the interest of fairness and justice, the defendant's arrest should be examined under *Payton* and *Johnson*. At the time of our initial review the applicability of *Payton* to the defendant's case was not clear since the issue of the retroactivity of the opinion was not addressed until by *Johnson* in 1982. Additionally, the defendant has not waived the right to argue that his arrest was illegal. He consistently has so maintained, although not until his petition for leave to appeal to the Illinois Supreme Court does he make clear that he challenges more than the existence of probable cause for the arrest.

■ Having chosen to review the defendant's arrest with reference to the principles established in *Payton*, we find that the arrest was not in violation of that decision. *Payton* and cases discussing that decision make clear that a defendant may not be subject to a routine felony arrest in his residence and without a warrant if the arresting officers have entered without consent. However, the facts in this case do not support a finding that the defendant's arrest was in violation of the *Payton* rule. According to uncontroverted testimony at the hearing on the defendant's motion to quash, on June 10, 1979, two Peoria police officers knocked on the door of the defendant's residence. The defendant voluntarily opened the door to his apartment. The police asked the defendant to go to the police station, as he had agreed to do on June 9, 1979, for questioning. When the defendant declined to go, asking if he were under arrest, the officers arrested him. Given those facts, the defendant's arrest was properly made without a warrant.

The case is factually similar to *People v. Schreiber* (1982), 104 Ill. App. 3d 618, 432 N.E.2d 1316, *cert. denied* (1983), 459 U.S. 1214, 75 L. Ed. 2d 452, 103 S. Ct. 1214. In *Schreiber*, the court found that the defendant was arrested at the entrance to the hotel apartment where the police found her after she voluntarily opened the door in response to the police officer's knock. Citing *United States v. Santana* (1976), 427 U.S. 38, 49 L. Ed. 2d 300, 96 S. Ct. 2406, the court found that under the circumstances as presented the defendant's arrest was made in a public place so that *Payton* did not require a warrant. Like the court in *Schreiber*, we find that the defendant at bar was arrested

in a public place so that the warrantless arrest did not violate *Payton*.

Accordingly, the order of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.