THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT A. GRAVES, Defendant-Appellee.

Fourth District   No. 4—84—0759

Opinion filed August 15, 1985.

Paul Lee Stone, State's Attorney, of Sullivan (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and Judith N. Kirby, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On September 10, 1984, defendant, Robert A. Graves, was charged in the circuit court of Moultrie County with the offense of theft of property of a value not exceeding $300 but under circumstances whereby he had previously been convicted of theft on September 27, 1983 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(1)). On October 2, 1984, defendant filed a motion to suppress a confession he had made. The motion was based on his contention that the confession was the fruit of the illegal seizure of his person by arresting him in his home. On October 23, 1984, after an evidentiary hearing, the circuit court allowed the motion. After filing the certificate required by *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, the State has appealed pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)). We reverse.

The question presented on review is a narrow one. The evidence at the hearing on the motion to suppress was mostly undisputed. On September 10, 1984, two members of the Sullivan police department went to defendant's home in Sullivan and knocked on his door. According to defendant, he had just received a telephone call from a friend who said that he was coming to see defendant. Defendant testified that he went to the door expecting the caller to be his friend. One of the officers informed defendant that he was a person they were looking for, and after a short conversation, defendant was directed to accompany the officers to the police station. Defendant, believing he was compelled to do so, accompanied the officers to the police station where he later gave the incriminating statement. The officers had no warrant. The defendant concedes that the officers had probable cause to arrest him, and the State makes no contention that any exigent circumstances existed which might justify an arrest of defendant in his home without a warrant.

The precise question to be decided on appeal is whether defend-

ant's fourth amendment right against being subject to an unreasonable seizure was violated when he was arrested by Sullivan police officers in his doorway under circumstances where: (1) He had come to the door not knowing that the persons knocking on the door were police officers; (2) the officers had no warrant for his arrest; (3) the officers did have probable cause to arrest him; but (4) no exigent circumstances existed which would have authorized the officers to enter the house without a warrant.

The trial court in finding the arrest to be invalid and the defendant in arguing in support of that ruling have relied on the decision in *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. There, as here, officers, having probable cause to arrest an accused but without a warrant to do so, went to the apartment of an accused. No exigent circumstances permitted the officers' entry into the apartment, but upon finding no one at home, they broke in and seized incriminating evidence. The United States Supreme Court held the seizure of the evidence to violate the fourth amendment. In the companion case of *Riddick v. New York*, officers similarly situated to those in *Payton* went to the house of an accused. The door was opened by the accused's sons. The officers saw the accused sitting in bed covered by a sheet and entered the house and arrested him. The arrest was also held to be an unreasonable seizure.

The thrust of the decision in both *Payton* and *Riddick* was that a person has a right to retreat to that person's home and be free from unreasonable searches or seizures which take place when officers without warrants cross the threshold of the home in the absence of exigent circumstances. (445 U.S. 573, 590, 63 L. Ed. 2d 639, 653, 100 S. Ct. 1371, 1382.) Defendant also relies upon language in *Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507, where, in holding recordings of a phone conversation to have been improperly obtained, the court noted that the fourth amendment protects people and not simply areas. The court then said:

> "Once this much is acknowledged *** it becomes clear that the reach of [the fourth] Amendment *cannot turn upon the presence or absence of a physical intrusion into any given enclosure.*" (Emphasis added.) 389 U.S. 347, 353, 19 L. Ed. 2d 576, 583, 88 S. Ct. 507, 512.

The State contends that whatever immunity defendant had from a warrantless arrest while he was in his house, he lost when he came to the doorway. The State relies upon the precedence of *United States v. Santana* (1976), 427 U.S. 38, 49 L. Ed. 2d 300, 96 S. Ct. 2406. There, police officers who had probable cause to arrest the accused saw her

standing in her doorway as they drove by. She had a brown bag in her hand. The officers testified that as they left their automobile and approached the house on foot they called out that they were police officers and displayed their identification. Apparently, the accused then ran into the house, whereupon the officers followed her and seized money and narcotics from the brown bag. The court upheld the search and seizure, noting that once the accused retreated with the brown bag, exigent circumstances arose which justified the officers' entry into the house. The plurality and a concurring opinion agreed that when the arrest was first attempted, the accused, being in her doorway, was in a public place and that the attempt to arrest her at that time was not improper even though exigent circumstances did not exist.

Defendant calls to our attention the recent decision in *State v. Holeman* (1985), 103 Wash. 2d 426, 693 P.2d 89, which is factually similar to this case. There, the defendant was arrested for the theft of a bicycle while he was standing in his doorway. As here, the officers apparently had probable cause but lacked a warrant and there was no exigency. The court held the arrest to be an unreasonable seizure. No mention was made of *Santana* and the decision was based largely upon search and seizure provisions of the State constitution. We do not find *Holeman* persuasive.

The situation here differs from that in *Santana* in that there the defendant was in the doorway when the officers arrived on the scene, while here the defendant went to the doorway in answer to the knock of the officers. Conduct of law enforcement officers in causing persons they then arrest to come to doorways of homes has been held to vitiate the warrantless arrest of these people when exigent circumstances are lacking and the officers use deception (*United States v. Johnson* (9th Cir. 1980), 626 F.2d 753) or coercion by flooding the house with lights and demanding the person's appearance by use of a bullhorn (*United States v. Morgan* (6th Cir. 1984), 743 F.2d 1158). Here, there was neither evidence of deception nor of coercion by the officers. Defendant does not contend that the officers were, in any way, responsible for the purported phone call to defendant from a friend announcing his imminent visit to defendant's house.

■ If the conduct of the officers was not otherwise improper, the fact of their knocking at the door, ringing the bell or asking the defendant to come to the door should not vitiate the arrest. Arrests in doorways of people who have come to the doorways in response to actions of the foregoing nature by officers have been upheld in *People v. Patton* (1984), 122 Ill. App. 3d 46, 460 N.E.2d 851; *People v. Mor-*

*gan* (1983), 113 Ill. App. 3d 543, 447 N.E.2d 1025; and *People v. Schreiber* (1982), 104 Ill. App. 3d 618, 432 N.E.2d 1316, *cert. denied* (1983), 459 U.S. 1214, 75 L. Ed. 2d 452, 103 S. Ct. 1214.

The fact that the defendant came to the doorway without knowing that police officers were there also should not negate the voluntariness of that action of the defendant. A major aspect of the *Santana* opinion is that a person who places himself in an open doorway to his home places himself in a public place and gives up the privacy that he would have had in the sanctuary of the home. The opinion makes no mention of any requirement that the person know who else might be in that public place. The *Santana* defendant had no knowledge of the officers' approach as she went to her doorway and made an ineffective retreat once she found they were seeking her. The opinions in *Patton* and *Schreiber* make no mention of the defendant in either of those cases knowing that police were at the door when they went to the doorway.

■ We recognize the applicability of the statement in *Katz* that the validity of an arrest does not turn on whether the arresting officers have crossed the threshold of a place of sanctuary for the arrestee. Here, however, not only did the officers not cross that threshold but: (1) The defendant voluntarily left the sanctuary and entered a public place; and (2) the presence of the defendant in that public place was not brought about by improper conduct of law enforcement officers. The warrantless arrest of defendant while he stood in his doorway was valid as a matter of law.

Accordingly, we reverse the order of the circuit court of Moultrie County suppressing defendant's confession and remand the case to that court for further proceedings.

Reversed and remanded.

TRAPP and MORTHLAND, JJ., concur.